you all are in the right place today we are indeed first case for argument is 172227 Google vs. Lee mr. Castaneda thank you good morning and may it please the court at a minimum your honors this case has to be remanded to the board under SAS Institute for consideration of the non instituted anticipation ground on hypothetically if we were to agree with you on claim 79 there's nothing left that is exactly my second point but we don't think a remand will be necessary here because the board made an analytical error in treating claim 79 it added a quote used to select the roadmap that is displayed requirement to claim 79 when none appears not only in that claim limitation or even in the claim itself and when that legal error is corrected the record compels a finding of obviousness because the dagawa reference discloses the selected at least one section map limitation the board so found and the patent donor never argued that it was absent under the plain and ordinary it's your argument this is all very technical and very detailed is this has to do with at which step the display is required and the board's construction suggests that it's earlier on the more fundamental than that because I think if you look at step for your honor all it says is that you have to produce in information containing image data in accordance with said graphic file which is to be applied to a display panel it doesn't even say it has to be a map it could very well be words but the point is that an additional limitation of selecting the map for display was created and applied no fewer than six times and I can go through those with you from at pages a 37 and a 38 of the board's opinion if you would like but I can show you every time and this was not included at all in the institution decision but it made its appearance in large part because somehow or another a comment that Google made in its petition about the dagawa reference itself and what it disclosed that was at page 50 of the petition which is at 174 of the mesh map number is selected so that the correct rectangular map division is displayed that morphed into a claim limitation but if we agree with you that the board misconstrued the claim don't we have to set we have to send it back on because of the new clamp construction right and there were other grounds no there weren't any other grounds the the patent owner was warned in the in the order after the grant of inter partes review that this that the response was the time to put your defenses up and the only defense that they put up with regard to this limitation was the limitation that or the argument that this had to be a line it had to be a line instead of something that was in more dimensions than just a line they said each section having a line shape and this was the only argument that was put forth against us and in fact when you look at boards board's opinion at page 37 they find the board finds explicitly that mesh map number j3 identifies a mesh map and judge Lurie in our view this case is exactly like the Owens courting versus fast felt case that we cited in our brief there's only one possible evidence supported finding here and the board's rejection of Google's challenge when the correct construction is applied is not supported by substantial evidence they're saying there were no non instituted grants there was one non instituted ground but that's a different reference well then if we agree with you on the clamp construction we still have to send it back no because on because as we've shown in our brief correct the claim construction with regard to this section map limitation that's it for claim 79 that was the chief judge process question to me starting out you don't have to send it back on the other ground if you agree with us and you apply Owens courting versus fast felt claim 79 is done that's it there hasn't been a contrary argument automatically all of the other grounds if they didn't institute forfeit if we invalidate I mean well if you invalidate that that claim there's no reason for us to go back on another ground and try to invalidate it under a different ground and that's and that's really that's the crux of our submission here and unless the court has further questions for me I'll return to give rebuttal on this and then respond to my friends cross-appeal thank you may please the court James Hoppenfeld for me I want to talk I'm going to start just I think what needs to be helpful here is to take a little step back and talk about what these claims are and what the invention is and then I'm going to talk briefly about Degawa and what the board found Degawa and what and why it's the finding of obvious non-obviousness with respect to Degawa was supported by substantial evidence so we're just talking now about claim 79 yeah I'm just going to talk about first I'm going to talk about claim 79 then I'm going to move to the root information claim 64 and 77 okay and I realized I have limited time to do that so with what is there is a fundamental difference between the invention here and all the prior art that you're going to see in this case in the next case what the invention is here is the idea that you can create a map by superimposing two maps on each other one map is a time variant map and the other is a basic map like the standard geographical map you won't find anywhere in the prior art this notion of taking map that's time variant and superimposing it on another map and all of these claims are directed to variations of that so let's get claims 79 out because what this is directed to is one embodiment of that particular concept and this embodiment there's let me step back there's two embodiments one embodiment is you send the time variant map and then it is superimposed locally on the time invariant map which is like a basic geographical map with with roads and things like that another embodiment is where you send traffic information and time variant data that is used to create the time invariant map which is in turn superimposed that is what claim 79 is about so claim and that is why selection is so important here and I'm going to explain so in claim 79 you have this time variant data like your traffic information and that is sent to some receiver the receiver takes that time variant information and it creates this time variant map that's why it's you have this map identifier it's a section map that section map plus the time variant data is used to create the time variant map that time variant map itself does not exist anywhere in the prior art once you have made this time variant map it only has one use and that is to superimpose on a basic map and although you don't see the basic map in this claim it doesn't need to be there because what you've done is you've created the time variant map now let's turn to Degawa what Degawa does is it's just like all the other prior references here it takes the time variant information it already has one map which is already in storage and then it takes that information and it superimposes one image on it there is no creation of a time variant map and that's why we heard the question as well what about this claim construction issue if it's right or wrong the pet the pet the the board separately found there's no time variant map in Degawa let alone selection of a map okay so we don't even have the time variant map now that is a big difference okay because what happens with Degawa when you only have your basic map that's in memory and I realize this is highly technical and all you're doing is superimposing an image one at a time you don't have the same flexibility and the data structures are totally different so how you divide the information in the in in the processors is totally different and that's why what is disclosed here and claimed here is so powerful the board seized on this when they recognize that what Degawa does is Degawa doesn't there's no map selection by any of the information that comes in it just is a identifier the map is already pre selected by the GPS receiver the GPS was in the receiver in Degawa receives the GPS signal and then it determines what map is displayed and it why is so again selection is very important here because in the patent and what's claimed you're taking a map identifier and you're selecting a section map which is for just creation of that first layer in Degawa the only thing that link number does is just says here's where you put this image that's all it is the the map is selected and regardless of whether or not it's regardless of the issue of display the only map that is selected in Degawa is this is the selection that's made by the GPS signal that finding by the board this is all very technical just help me out here in terms of focusing on the specifics of the board's claim construction on 79 and your friend's argument as to the additional limitation being imposed can you sort of direct you've been talking globally and I appreciate it but there are lots of claims here and it's hard to decipher what's in one claim and what's in the other so can you just focus on at least one of their arguments which is this display the boards putting this display into the selecting second step there's two elements to that first of all the board didn't put display in there the and we explained in our brief how when you are taking the time-variant information you're taking that selecting a map and then you're going to have a component there's only one thing you can possibly do with that which is to overlay it and display it so it makes no sense to say that there isn't display and we cited on a brief many times where there were repeated admissions repeated admissions by both the other sides expert and in their argument papers that display is required but even if you say display is not required even if you set that requirement aside the question is is there a selection the final decision of the board was that there wasn't even a selection and the reason there isn't a selection is because a selection has to happen it's not just an identification identification and selection are two things the only thing their expert ever said is hey the map of this measurement map number in Degawa it identifies a map but that's not the same as selecting a map and again in the patent the reason you're selecting a map because you're taking that map out of memory creating this time-variant map and then superimpose it at a minimum based on just our little brief discussion here that suggests that at least a remand might be an order if we're I mean the board was the one that entered the board is talking about display right we didn't know the claims the claim is the claims do require display because and we walk through this in the brief because there's the only thing you can do with this selected map is to display it so when the board was talking about display again they admitted that display was in there number one but number two there has to be display because what the board is a construing is not just the claim element their argument that display is not in the claim element it's not the same as saying that display is not in the claim display is in the claim so when the board said yes this has to be displayed it's because subsequent elements require that display right so what the board did is it said when it said yes when it used the word for display in the opinion not only again were they mimicking what was already in Google's own arguments it's what's in the claim because later if you look at the subsequent... Can you just bear with me a little? Isn't what is displayed I mean Google is arguing that claim 79 is clear that what is displayed is the information containing image data and that's produced two steps down. Am I missing something? Yes. Do you want to respond to that? Are they wrong about that? It's not it's not it doesn't answer the question because the question is is the map that's being selected displayed and if you follow through and we walk through this in the brief it says okay we're going to select a selection map that selection map has a component which is time variant that produces a graphic file so that graphic file is the section map plus the time variant information which must be displayed there is nothing else you can do with it and that is clear from the last element of the claim says producing an information image data in chords with graphic file which is to be supplied to a display panel. So there is no question that the map that is selected is displayed. It cannot be any other way. If we agree with you weren't there other grounds and references that weren't instituted and that need remand? No and that has to do with the SAS case your honor. Okay so there was one other thing and first let me I want it's very important to note that that one other ground the Patent Office in its in its in its institution decision made very clear there was no reasonable likelihood of successful there and you don't and you do not have to institute and we have a procedural issue here because you do not have to remand. There is a case PGS now it's procedural circumstances are different it's not cited in our brief but it is cited in theirs where Judge Toronto wrote an opinion where he made it clear that it's effectively a discretionary thing whether or not you remand. Here you should not remand because we already have a finding that there's no reasonable likelihood of success. If this appeal is under 706 then the question is whether any remand would be above prejudice and that is harmless error in 706. It would be hard it's a harmless error if they did make a mistake because they were right on the merits and they've never complained about the merits. So you shouldn't remand because that would be in violation of the rule 706 harmless error standard. Even if you set aside the harmless error standard they would have had to move for remand before this appeal and they didn't do it. So what they're really asking for is for piecemeal appeals. What they're saying is do this appeal remand asking for remand after the appeal which in case that goes through would be it there would be a second appeal and if you read PGS or even at the any of the other cases that they cited it's very clear that we're trying to discourage piecemeal appeals here. So the time to address that issue has passed. Yes I'd like to talk to the cross appeal. I want to focus on the how much time I have because I'm worried that I'm into my am I into my rebuttal? You are into your rebuttal. Can I reserve a little bit of time? Well it's your time. Okay all right for the cross appeal it's very when you when you look at the claims okay these again are claims that are slightly different than claim 79 because you have to receive the whole the whole the whole you have to receive the whole map. Here instead of traffic information it's route information and what's the key to remember here is that Kakihara is just like Degawa. There are no superimposition of maps. Same thing with the Zirani. Zirani doesn't even tell you even how the information gets it's all about how you divide up the data for a map that's already been pre-stored. Neither of these references have the superimposition of maps and when you combine them together as the as as as the board did you don't even get one of the claim elements. One of the claim elements is missing which is the receipt of the attribute designated statement and the reason why that's missing is because this whole concept of superimposing maps is in neither prior art reference and how the board got there is an error for the reasons that we discussed I think pretty clearly in our brief. I think it's also important to note for the cross appeal you have here a very unique case because this would be the first case ever where at least that I have seen from all the federal certain cases I've read on obviousness where you actually would have found an upheld a finding of obviousness where a prior art reference was structurally modified and then combined with another reference in order to find obviousness. That requires double inference that KSR counsels against the types of hindsight the Gore case that is that is an error of law in just the obviousness analysis and it's unique would be unique to this case itself. I'd like to reserve whatever time I have left. Can I just ask you, you just mentioned in passing we were talking about SAS the PGS case and you said it's the one they cited in their briefs and I was just looking do you recall whether it was maybe this case or the other case because I can't find it. You know I don't recall your other I can tell you that it's PGS geophysical VE. No I know the case I just can't find it. Alright that's fine. I'm sorry about that. Alright we'll reserve the two minutes for questions. Thank you your honor. To address the question you were just asking my friend, in the PGS case Judge Taranto wrote for the court that neither party in that case was seeking or wanted a remand. That's what I recall. And in fact I'm going to read to you right from that decision quote we do not rule on whether a different conclusion might be warranted in a case in which a party has sought SAS based relief from us. That's this case we're asking for SAS based relief. As for the rebuttal on claim 79, my friend posed the question is the question is is the selected map being displayed? It isn't and it's not just two steps removed she approached it's actually about seven steps removed. Because the way the claim reads is you start by selecting a section map and then that section map involves sections. Each section of that section map has a component. Each component has to have an attribute that is designated. That attribute in turn has to produce a graphic file. The graphic file then has to be used to produce image data and then the image data, step 7, has to be applied to the display panel. And that image data isn't necessarily a map. As I said before it could be any type of image data. That's not what the claims require. My friend ran far away from the notion that the board had inserted an additional limitation. He didn't answer our arguments. In seven, six different times rather at pages appendix 37 and 38 the board inserted this additional limitation. So we are at the very least entitled to a remand but we also think that because of the board's findings, because of the unrebutted expert testimony from Dr. Michelson, you'll notice that their expert, Mr. Cole, didn't even address claim 79. He addressed the other two claims that we'll talk about in a moment but he didn't address claim 79 at all. So there's no conflicting expert testimony on this. Can I just ask you, if you may know the answer to it. It's a little removed from this case. But let's assume we were to sort of agree with your arguments on claim 79 but send it back as a remand just because we think the board ought to take a look at it itself. Is SAS alive too? Is the board nonetheless going to have to, if we do that, decide it on all the uninstituted grounds? I think you have to remand on the one, there's only one uninstituted ground here and that's the anticipation under Furuya. Okay, so then when it goes back to the board they'd have to revisit this under Degawa and then also do the other. Right, I mean consistent with whatever this court's mandate would be. But again, our principal contention is you don't have to do it cases like the Fast Felt case. It's like Belden versus Burkett. The holdings of the board and the undisputed testimony show that there really is only one correct outcome here with regard to claim 79. Now, as to the other claims. My friend suggested that this would be some sort of breathtaking case if you were to affirm because of the modification of a prior art reference. KSR itself, if I remember correctly, and I didn't, I was in the process of pulling up the KSR decision, but my recollection is that one of the prior art references there had to be modified in order to put together the two references that the court ruled as a matter of law were combinable and resulted in obviousness at the Supreme Court level. And this court in cases like Clasco, which is cited in our brief, make very clear that the flexible approach does not require the sort of puzzle piece approach where this one has to fit in perfectly. So I think that this court's decisions as well as KSR show incorrect the notion that my friend has been arguing that you can't modify a prior art reference in this way. And when you take away that that legal, that claim of legal error, this case becomes a substantial evidence case. And there the board gave two reasons supported by much substantial evidence as to why one would combine Kakahara and Israni. I'm happy to go through those with you, but they're in our brief. The court furthermore had ample substantial evidence supporting why the elements that the board thought were missing from Israni were taught or suggested by Kakahara. And that's that can be found in the board's decision at I believe pages 27 and 28 and it's supported by our experts declaration which was found credible over their experts declaration at paragraphs 81, 84, and 85 among others. So unless the court has further questions on the cross-appeal, we're happy to rest on the Your Honor, in the time I have left, I'd like to address the case law that we just heard about which is in particular KSR and Klasco. And that's just on the cross-appeal. And this is just on the cross-appeal and why this is so different. Okay, so Klasco is a good example. Okay, in Klasco what you had is is a case, it had to do a caller ID case, and all of the elements of the claim were in one particular element. And that the only thing that was a speaker that does two functions. And in another prior reference we had a speaker that did two functions. So when you combine those two things together you got the whole invention. So all you had to do was take the function of the speaker that was combined in and modify it according to what the function already was in the first prior art reference. That is standard, it's just like KSR. Okay, here we have something totally different because here you need two suggestions to get there. Here you have to modify the reference and even when you modify the reference and you combine the modified reference with Israni, you still don't have the reference, you still don't have the invention, you still have to do further modification to get there. That's this double suggestion inference on inference. So there's no question that KSR says, yes, you can do a modification. What KSR does not allow you to do, or at least has not been done, is to do hindsight analysis. And when you're doing double layers of modification, that is, I need a suggestion not just to combine, but I need a suggestion also to modify the reference. And when you modify the reference and that still doesn't get you the invention when you combine them and you need further suggestion in order to get to obviousness, which is what happened here, well at that point you might as well open up obviousness to any type of hindsight reconstruction that you want. Because then it doesn't matter what's in the prior art, you can just take whatever's in the prior art, modify it as you see fit, and ipso facto you have obviousness. If that's obviousness, if you can do that kind of obviousness analysis, we've changed obviousness analysis, and you might as well take Gore and all the cases that KSR even cited and throw them out the window. KSR is not just a case that says you can always find obviousness. It cited earlier Supreme Courts' cases that found non-obviousness on facts that were not even as strong as this case, like the Adams case. So I finished my remarks by commending the court to look at those cases in the way I did. Thank you. We thank both sides and the case is submitted.